UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANNE SYPNIEWSKI,

    Plaintiff,

v.

DOMINO'S PIZZA, INC. et al.,

    Defendants.

Case No. 24-11330
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION, DISMISS, AND SANCTIONS [7] AND STAYING CASE**

---

This collective action challenging Domino's compensation for delivery drivers under the Fair Labor Standards Act is the second of its kind before this Court. The previous action was dismissed on April 16, 2024, after the named plaintiff was compelled to arbitrate her claims and the proposed collective was unable to name a representative not subject to an arbitration agreement. *See Bryant v. Domino's Pizza, Inc.*, No. 22-11319, 2024 U.S. Dist. LEXIS 69207, at *1–2 (E.D. Mich. Apr. 16, 2024). The dismissal, however, was "without prejudice to a future collective action with named plaintiffs who are not required to arbitrate their claims." *Id.* at *2.

Now, the collective has returned with Brianne Sypniewski as its named plaintiff. But the same deficiency remains. Sypniewski also signed an agreement to arbitrate claims against Domino's. (ECF No. 7-3, PageID.79–84.) Indeed, she does not dispute the validity of this contract and agrees to arbitrate her claims. (ECF No. 10,

PageID.116.) The same is true of the opt-in plaintiffs. (*Id.*) So the collective is once again without a representative to litigate the case.

Domino's argues this warrants dismissal of the case and asks for plaintiff's counsel to be sanctioned for failing to voluntarily dismiss the case after learning of the arbitration agreements. (ECF No. 7.) Plaintiff's counsel argues the case should be stayed, not dismissed, and that sanctions are not warranted. (ECF No. 10, PageID.116.) Under the controlling law, Plaintiff has the better argument.

## I. Factual and Procedural History

### A. *Bryant*

Some background on *Bryant* is helpful to contextualize the current litigation.

On June 14, 2022, Sarah Bryant filed a collective-action complaint against Domino's Pizza, Inc., Domino's Pizza Franchising LLC, and Domino's Pizza LLC (collectively "Domino's"). *See Bryant v. Domino's Pizza, Inc. et. al.*, No. 22-11319, (E.D. Mich. filed. June 14, 2022), ECF No. 1, PageID.1. Bryant was a delivery driver for a Domino's franchise in Ohio. *Id.* at PageID.2. She claimed that Domino's "repeatedly and willfully violated the FLSA by improperly taking a tip credit from the wages of delivery drivers, and by failing to adequately reimburse delivery drivers for their delivery-related expenses." *Id.* She also alleged that this practice was common across all of Domino's stores. *Id.* Several others opted into the action. *See Bryant*, No. 22-11319, ECF Nos. 7, 9, 10, 12.

Domino's moved to compel arbitration and dismiss Bryant's complaint. *Bryant*, No. 22-11319, ECF No. 13. As it turned out, Bryant had signed an arbitration

2

agreement with her franchise that appeared to cover her claims against Domino's and contained a delegation clause. *Bryant*, No. 22-11319, ECF No. 14. Soon after this motion, the parties filed a joint stipulation agreeing that Bryant's claims must be arbitrated and would be dismissed without prejudice. *Bryant*, No. 22-11319, ECF No 38, PageID.533. So the Court dismissed Bryant's claims and gave the parties 30 to days to either find a new named plaintiff or advise the Court why the case should not be dismissed. *Bryant*, No. 22-11319, Text-Only Order, Sept. 25, 2023. The parties stipulated to extend that deadline until January 10, 2024—giving them more than three months to locate a new named plaintiff. *Bryant*, No. 22-11319, ECF No. 39.

At the end of the deadline, four new named plaintiffs were proposed in a motion for leave to amend the complaint. *Bryant*, No. 22-11319, ECF No. 47. But all four of them were subject to arbitration agreements that, like Bryant's, covered claims against Domino's and contained delegation clauses. *Bryant*, 2024 U.S. Dist. LEXIS 69207, at *8. So the motion for leave to amend was denied as futile and the case was dismissed for lacking a named plaintiff. *Id.*

### B. *Sypniewski*

About a month later, the proposed collective returned and filed the present case with Brianne Sypniewski as the named plaintiff. (ECF No. 1.) Sypniewski had been an opt-in plaintiff in *Bryant*. This "new" complaint raises the same FLSA claims—that Domino's does not properly reimburse delivery drivers for the maintenance of their vehicles, and as a result, pays them less than the federal minimum wage (*id.* at PageID.3–6)—against the same defendants (*id.* at PageID.1).

3

Bryce Bedford, Tucker Jones, Gino Palma, and Crystal Collins joined the case as opt-in plaintiffs.[1] (ECF Nos. 2, 6.)

Soon after, Domino's filed a motion to compel arbitration of Sypniewski's claims, to dismiss the complaint, and for sanctions against plaintiff's counsel. (ECF No. 7.) Attached to its motion, it included email correspondence wherein defendants' counsel told plaintiff's counsel that "both the named plaintiff in [the] suit and each of the opt-in plaintiffs signed agreements to arbitrate individually the very claims set forth in the Complaint." (ECF No. 7-3, PageID.77.) And defendants' counsel warned "if [plaintiff] ha[s] not voluntarily dismissed [the] Complaint by the close of business on Thursday, July 18, 2024, [Domino's] shall move to dismiss the Complaint and compel the named plaintiff and each of the opt-ins to submit their claims to arbitration" and would seek fees and costs associated with filing that motion. (*Id.* at PageID.78.)

Domino's attached to that email (and included with its motion) the arbitration agreements signed by Sypniewski (*id.* at PageID.84) and three of the opt-in plaintiffs: Bedford (*id.* at PageID.89), Jones (*id.* at PageID.95), and Palma (*id.* at PageID.101).

---

[1] The validity of these consent forms is in question. Each was signed months before the current case was filed—indeed, before the *Bryant* case was dismissed. (ECF No. 2-1, PageID.21 (Bedford) (signed Feb. 21, 2024); *id.* at PageID.22 (Jones) (signed Jan. 5, 2023); *id.* at PageID.23 (Palma) (signed Jan. 10, 2024); ECF No. 6, PageID.34 (Collins) (signed July 13, 2023).) So Domino's argues the opt-in plaintiffs really consented to join the *Bryant* suit and their consent forms do not allow them to join this separate suit. (ECF No. 11, PageID.126.) The Court need not decide that issue at this stage and, for now, assumes that these consents are valid. But Plaintiff's counsel is encouraged to obtain updated consent forms for any future opt-in plaintiffs and to ensure they have agreed to be part of the specific litigation the forms are filed in.

4

As revealed, Sypniewski, Jones, and Palma signed agreements directly with Domino's Pizza LLC (*id.* at PageID.81, 92, 98) and Bedford signed an agreement with his franchise that also applied to "franchisors" (*id.* at PageID.85).[2] Each of the arbitration agreements included a clause that delegated questions of "scope, validity, or enforceability of this Arbitration Agreement" to the arbitrator. (*Id.* at PageID.81, 85–86, 92, 98.)

On July 24, six days after the deadline Domino's had given for plaintiff's voluntarily dismissal, defendants' counsel sought concurrence from plaintiff's counsel before filing the instant motion and again warned that defendants intended to seek sanctions if filing the motion proved necessary. (*Id.* at PageID.103–104.) Plaintiff's counsel simply responded that it "d[id] not concur with [Domino's] request." (*Id.* at PageID.103.) So Domino's filed this motion seeking to compel arbitration, dismiss the case, and sanction plaintiff's counsel. (ECF No. 7.)

## II. Motion to Compel Arbitration

In response to Domino's motion to compel arbitration (*see id.*), Sypniewski, as well as opt-ins Bedford, Jones, and Palma, agreed to arbitrate their claims (ECF No. 10, PageID.116). Thus, the portion of the motion seeking to compel arbitration of

---

[2] Each of the arbitration agreements also included a provision that the agreement applied to the Company's "parents," "subsidiaries," "affiliates," "predecessors, successors and assigns," "vendors," and "agents." (ECF No. 7-3, PageID.81, 85, 92, 98.) Presumably, this means the agreements applied to Domino's Pizza Franchising LLC and Domino's Pizza, Inc.—the other two Defendants in this case. Plaintiffs do not challenge the agreements' applicability to any of the Defendants, so the Court assumes all three Domino's Defendants are covered by the arbitration agreements.

Sypniewski's claims is granted as unopposed. And the three opt-ins who have agreed to arbitrate as well are not viable substitutes to continue the lawsuit.

So that leaves opt-in Crystal Collins. Because "no arbitration agreement ha[d] been produced for [her], plaintiff dispute[d] that [she] should be compelled to arbitrate her claims." (*Id.*) Plaintiff further asserted in her response brief that Domino's should "produce Ms. Collins' arbitration agreement promptly," "if one exists." (*Id.*) Domino's did so in its reply. That agreement was between Collins and her franchise and explicitly named "Domino's Pizza Franchising LLC" and "Domino's Pizza LLC" as covered parties. (ECF No. 11-2, PageID.137.) It also contained a delegation clause that stated "[a]ll issues concerning arbitrability of the dispute and all issues concerning the scope of the Arbitration Agreement shall be decided by the Arbitrator." (*Id.* at PageID.138.)

So it appears Collins will also need to arbitrate, at minimum, the question of whether her claims are arbitrable.

Since Sypniewski and three opt-in plaintiffs have agreed to arbitrate their claims, and Collins is likely compelled to arbitrate as well, the Court is left with two questions: (1) whether the case should be dismissed or stayed and (2) whether plaintiff's counsel should be sanctioned.

### III. Motion to Dismiss

A valid arbitration agreement is grounds for dismissal under Federal Rule of Procedure 12(b)(6). *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012) ("[A]n enforceable contractual right to compel arbitration operates as

a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit."); *see also New Heights Farm I, LLC v. Great Am. Ins. Co.,* No. 24-1087, 2024 U.S. App. LEXIS 25851, at *11–12 (6th Cir. Oct. 15, 2024) (affirming dismissal of claims subject to mandatory arbitration under Rule 12(b)(6)).

However, as the Supreme Court recently held, if a party requests that the court instead stay the case pending the outcome of the arbitration proceedings, the court *must* stay the case "'until [the] arbitration' has concluded." *Smith v. Spizzirri*, 601 U.S. 472, 473–74 (2024) (alteration in original) (quoting 9 U.S.C. § 3). In other words, this Court "does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Id.* at 475–76. And even before *Smith* was decided, the Sixth Circuit held that a stay was generally preferable to dismissal when claims are subject to arbitration. *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021). This is especially true in cases like this one, where a delegation clause leaves preliminary issues to be decided by the arbitrator, who may send the parties back to court. *See id* at 943.

Domino's moved for the dismissal of Sypniewski's claims only on the basis that they are subject to mandatory arbitration. (ECF No. 7, PageID.45 ("Although her allegations are demonstrably false, this Motion does not challenge Plaintiff's claims on the merits. Instead, this Motion seeks the dismissal of this suit because . . . Plaintiff agreed, in writing, to arbitrate the very claims set forth in the Complaint.").) Likewise, Sypniewski agreed to arbitrate her claims but did not agree to dismiss them. (ECF No. 10, PageID.116.) Instead, she "request[ed] that the Court

7

stay the litigation." (*Id.* at PageID.116–117.) So according to the instruction from *Smith*, the Court must stay the case.

Domino's argues that the fact that it did not ask for a stay means that *Smith* does not apply. (ECF No. 11, PageID.130.) It is mistaken. Section 3 of the Federal Arbitration Act states that the Court "shall" stay the case "on application of *one* of the parties." 9 U.S.C. § 3 (emphasis added). Nothing in *Smith* suggests otherwise.[3]

So Domino's request to dismiss is denied. The Court will instead stay the case pending the results of Sypniewski's[4] arbitration.

### IV. Sanctions

This leaves Domino's request for sanctions under 28 U.S.C. § 1927. Domino's asks the Court to sanction plaintiff's counsel for failing to voluntarily dismiss the case

---

[3] Domino's relies in part on *Swartz v. Next Net Media LLC* in making its argument. (ECF No. 11, PageID.130 (citing *Swartz v. Next Net Media LLC*, No. 24-10018, 2024 WL 3236709, at *5 n.2 (E.D. Mich. June 28, 2024)).) Its reliance is misplaced. In *Swartz*, the court observed that *Smith* did not apply where neither party requested a stay. *See Swartz*, 2024 WL 3236709, at *5 n.2.

[4] Although *Smith* makes clear that the Court must stay the case "pending arbitration," *Smith* does not specify *whose* arbitration ends the stay. Opt-in plaintiffs in an FLSA collective action are considered parties. *See Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). So it is possible that the case should be stayed until Sypniewski, Bedford, Jones, Palma, and Collins complete their individual arbitrations. After all, one of their arbitrators may determine that their claims are not subject to mandatory arbitration and they can return to represent a collective. But it is equally possible—if not more possible—that no collective representative will be found, and this case will reduce to an individual suit between Sypniewski and Domino's. In which case the stay would remain only until her individual arbitration concludes. Given the uncertainty, the fact that only Sypniewski is currently a named plaintiff, and the fact that Domino's only moved to compel Sypniewski to arbitration, the Court will treat this as an individual action and stay the case pending only Sypniewski's arbitration—unless and until there is a motion to substitute a new plaintiff.

after being provided with arbitration agreements for Sypniewski, Bedford, Jones, and Palma. (ECF No. 7, PageID.45; *see also* ECF No. 11, PageID.125 ("Defendants do not seek sanctions because plaintiff's counsel filed this lawsuit . . . . Rather, the Domino's Defendants seek sanctions because plaintiff's counsel refused to dismiss this suit without prejudice ***after*** they were given a copy of the arbitration agreement.").) Plaintiff's counsel interprets this as a motion for sanctions for *filing* the case in the first place. (ECF No. 10, PageID.118.)

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under section 1927 are appropriate where an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *In re Stollman*, No. 09-11487, 2010 WL 1063774, at *4 (E.D. Mich. Mar. 22, 2010) (quoting *Shepard v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002)). But "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997); *see also Can IV Packard Square, LLC v. Schubiner*, No. 23-1004, 2023 U.S. App. LEXIS 30292, at *5 (6th Cir. Nov. 14, 2023). "[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than

9

negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006); *see also Kidis v. Reid*, 976 F.3d 708, 723 (6th Cir. 2020) ("While subjective bad faith is not required, the attorney in question must at least knowingly disregard the risk of abusing the judicial system, not be merely negligent.").

The Court understands Domino's frustration. Plaintiff's counsel says they understood the Court's order in *Bryant* as an invitation to file a new lawsuit "if new plaintiffs reasonably believe that they are not subject to arbitration agreements." (ECF No. 10, PageID.118.) But this is not what the Court said. The Court dismissed *Bryant* "without prejudice to a future collective action with named plaintiffs who *are not* required to arbitrate their claims." *Bryant*, 2024 U.S. Dist. LEXIS 69207, at *2 (emphasis added). It said nothing about those plaintiffs' "reasonable beliefs." Indeed, as Domino's argues in its reply, "Plaintiff's counsel has a duty . . . to perform adequate due diligence before commencing a federal lawsuit"—which includes investigating whether the proposed plaintiffs have signed arbitration agreements. (ECF No. 11, PageID.127.) Plaintiff's counsel should have been especially diligent in researching employee files here, since they were made aware that many other opt-in plaintiffs in *Bryant* and in this suit did sign such agreements.

That said, the Court has not awarded the ultimate relief Domino's was seeking. It is not yet dismissing the case. And giving plaintiff's counsel the benefit of the doubt, the Court can see reasons they might have refused to voluntarily dismiss this action after learning of the arbitration agreements. So the Court will not impose sanctions.

10

First, as discussed, the existence of signed arbitration agreements does not automatically warrant dismissal. Even though the parties have agreed that Sypniewski's claims are subject to arbitration, she has successfully obtained a stay rather than a dismissal. The Court thus retains jurisdiction to address any issues that arise out of the arbitration—for example, if the arbitrator determines her claims are not subject to arbitration or if she seeks Court enforcement of the arbitration award.

Additionally, because this is a collective action and Domino's had not yet produced an arbitration agreement for one of the opt-in plaintiffs (Collins) at the time it filed its motion, plaintiff's counsel may have believed the collective could continue with Collins as the named plaintiff—meaning they did not "knowingly disregard the risk of abusing the judicial system." *Kidis*, 976 F. 3d. at 723. Indeed, individuals who have already opted into the collective are akin to parties. *See Canaday v. Anthem Cos.*, 9 F.4th 392, 402–03 (6th Cir. 2021) ("Once they opt in, these plaintiffs become 'party plaintiff[s],' enjoying 'the same status in relation to the claims of the lawsuit as do the named plaintiffs." (alteration in original) (citations omitted)); *see also* 29 U.S.C. § 216(b). "Thus, dismissal of the Named Plaintiffs does not require the FLSA collective action to be dismissed when . . . other plaintiffs . . . have opted into the collective action. Instead, when the named plaintiffs' FLSA claims are dismissed, courts customarily grant plaintiffs leave to substitute opt-in plaintiffs for those dismissed named plaintiffs." *Green v. Platinum Rests. Mid-Am., LLC*, No. 14-439, 2020 WL 1452724, at \*6 (W.D. Ky. Mar. 25, 2020)). That was the Court's approach in

11

*Bryant* when the named plaintiff was dismissed. *Bryant*, No. 22-11319, Text-Only Order, Sept. 25, 2023.

So it was not unreasonable, let alone sanctionable, for plaintiff's counsel to refuse to dismiss the collective claims.

## V. Conclusion

Accordingly, the Court GRANTS Domino's motion to compel arbitration. The Court DENIES Domino's motion for sanctions. And the Court DENIES Domino's motion to dismiss, instead STAYING the case pending the results of Sypniewski's arbitration proceedings.

This, unfortunately, still leaves the proposed collective without a representative. Unless the collective can identify a named plaintiff who is not compelled to arbitrate their claims, the case will become an individual action with only Sypniewski as a plaintiff. The case will remain stayed until the completion of Sypniewski's arbitration proceedings or until the Court grants a motion for leave to amend and substitute a new named plaintiff who is not compelled to arbitrate their claims.

SO ORDERED.

Dated: October 23, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE